# EXHIBIT B

**Lewis
Baach
Kaufmann
Middlemiss**
PLLC

John W. Moscow
212 822 0164
john.moscow@lbkmlaw.com

June 4, 2021

**VIA ECF**

The Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

> Re:   *In Re Application of Makhpal Karibzhanova for Judicial Assistance Pursuant
> to 28 U.S.C. § 1782*
> **Case 1:21-mc-00442-KPF**

Your Honor:

I write to update the Court regarding certain developments relevant to the above-captioned matter, filed with this Court on May 12, 2021, by way of an Application for Judicial Assistance submitted by undersigned counsel ("the Application").  As set forth in the Application, Petitioner is a citizen of Kazakhstan, residing in Manhattan since 2016.   She was divorced from her husband in Kazakhstan in 2018, and is, under Kazakh law, the joint owner of their marital estate until their property is divided pursuant to settlement agreement or court order.

As set forth in the Application, Petitioner seeks judicial assistance from this Court related to actions she filed in Kazakhstan seeking equitable distribution of marital assets.  The gravamen of the assistance sought is the identification of assets held by the ex-husband through nominee owners and shell companies in offshore jurisdictions.  I write now to inform the Court of recent developments in her cases in Kazakhstan, where Petitioner seeks to sue an immensely rich and powerful man who is economically involved with many senior people in the Kazakhstan government.  Recent events give rise to the possibility that her current lawsuit may be set aside.  We write both to keep the Court apprised of relevant facts in Kazakhstan, and to present to the Court an alternate type of foreign action that will equally support the instant Application.

The Application recounts certain difficulties Petitioner encountered in her efforts simply to file her claim in the courts of Kazakhstan (*see generally* Application at 8).   These included credible warnings to her first attorney not to help her (*id.* at 7) resulting in their resignation, and the denial of access by her new Kazakh counsel to public records needed to file

Lewis
Baach
Kaufmann
Middlemiss
PLLC

The Hon. Katherine Polk Failla
June 4, 2021
Page 2

the claims. (*Id.* at 8.)  The difficulties peaked when the judge from the Medeu District Court assigned to the case (J. Daulet Moldabayev) rejected the case for filing on the grounds that certain necessary documents and information were not attached to the complaint.  (*Id.*)  This rejection seemed pretextual, given that Petitioner's Kazakh counsel informed us he had never previously seen a case rejected for this reason. (*Id.*)  Nonetheless, Petitioner's Kazakh counsel complied with the stated procedural failings, and refiled the complaint on May 10, 2021, before the same judge. (*Id.*)

We write now to inform the Court that on May 17, 2021, the same judge again rejected the complaint.  Under Kazakh procedure, this action was taken pursuant to an initial screening of the case, not following any motion to dismiss by the opposing party.  Thus, the judge reviewing the Kazakh case twice found a simple action for equitable distribution of marital property, timely filed, so lacking in merit that he rejected the action *sua sponte*, even though Petitioner's right to sue is clearly set forth in the statute.  This second rejection was even more far-fetched than the first, holding that the Kazakh filing failed to state a claim.  This was difficult to fathom since, according to Kazakh counsel, the language of the claim simply tracked the language of the statute, and the only changes were to address the shortcomings as dictated by the judge in the first rejection.  Again, it seemed to Kazakh counsel the decision was pretextual and the outcome predetermined.  Both decisions are currently on appeal to the appellate court.

Undeterred, Petitioner's Kazakh counsel filed the action for a third time on May 17, 2021, in the same court, this time on notice to the Presiding Judge.  On May 24, 2021, the case was accepted by the Medeu District Court and is now pending with an initial appearance date of June 9, 2021.

Given the difficulties encountered in Kazakhstan's judicial system and the possibility that the courts of Kazakhstan may prove fatally hostile to Petitioner's claims, we also write to advise the Court of an additional course of recovery in support of the Application.  If the courts in Kazakhstan will not hear Petitioner's lawful claims, Petitioner will assert her claims directly against assets in jurisdictions more open to assessing cases on the merits.  Under Kazakh law, a spouse is deemed a joint owner of marital assets until such time as there is a settlement of marital property rights.  As such, Petitioner intends to assert her rights to accountings and forced liquidation in such relevant jurisdictions (outside of Kazakhstan) where Petitioner's ex-husband holds assets, either through civil claims seeking recognition of ownership rights and attendant remedies, or through private criminal actions seeking return of property and unlawful interference with property rights.  Petitioner, through her U.S. counsel, has already been in touch with counsel in foreign jurisdictions where Petitioner's ex-husband is believed to hold assets, and counsel has advised on the propriety of such claims.  Thus, the basis for judicial assistance to identify assets remains valid, whether in support of the Kazakhstan equitable distribution action, or in support of direct actions against the foreign assets themselves.  *Cf. In Re Access Delight International, Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017), citing *Glock v. Glock*, 797 F.3d 1002 (11th Cir. 2015) (use of evidence properly obtained pursuant to a Section 1782 discovery order is not restricted to the originally sought litigation; it can be used in any legal proceeding, foreign or domestic).

Lewis
Baach
Kaufmann
Middlemiss
PLLC

The Hon. Katherine Polk Failla
June 4, 2021
Page 3

The Court should properly grant the Application on the facts presented therein.  Should the courts of Kazakhstan again take steps to protect Petitioner's ex-husband by once again dismissing Petitioner's lawful claims, we will notify the Court.  But regardless, Petitioner will continue to fight for her rights to an equitable distribution of marital assets in Kazakhstan and, if necessary, for recognition of her property rights in any and all foreign jurisdictions where marital assets can be located.  Petitioner will not be deterred by the apparent roadblocks placed before her in Kazakhstan.

Respectfully,

*John W. Moscow*

John W. Moscow