# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF MAKHPAL KARIBZHANOVA FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782. | 21 Misc. 442 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

Applicant Makhpal Karibzhanova filed this request for judicial assistance pursuant to 28 U.S.C. § 1782, which permits assistance to litigants before foreign tribunals. Specifically, Applicant seeks an order appointing John W. Moscow as Commissioner of the Court to issue subpoenas to obtain testimony and documentary evidence to assist in discovery for use in civil proceedings in Kazakhstan related to the dissolution of her marriage. The request is granted as set forth in the remainder of this Order.

## BACKGROUND[1]

Applicant is a citizen of Kazakhstan and is the former wife of a Kazakh businessman, Aidan Karibzhanov ("Aidan"). (Karibzhanova Decl. ¶¶ 2-3). On May 15, 2018, Applicants' marriage to Aidan was dissolved by a Kazakh court. (*Id.* at ¶ 23). Under Kazakh law, Applicant could seek equitable division of the marital property in court. (*Id.* at ¶ 25). On April 22, 2021, Applicant's attorney in Kazakhstan, Yevgeniy Tikhonov, filed a lawsuit against Aidan in the Medeu

---

[1]   This Order draws its facts from the Affidavit of Makhpal Karibzhanova ("Karibzhanova Decl." (Dkt. #3)) and the Declaration of John W. Moscow ("Moscow Decl." (Dkt. #5)) in support of the Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782. For ease of reference, the Court refers to Applicant's memorandum of law in support of her application as "App. Br." (Dkt. #1).

District Court of the City of Almaty seeking equitable division of the marital assets. (*Id.* at ¶ 32). On May 6, 2021, the Medeu District Court dismissed the lawsuit with leave to refile. (*Id.* at ¶ 33). On May 10, 2021, Tikhonov filed an amended lawsuit in the Medeu District Court. (*Id.* at ¶ 34). The Medeu District Court again rejected the lawsuit on May 17, 2021, and Tikhonov refiled on the same day. (*See* Dkt. #8). The case is now pending, and an initial appearance was scheduled for June 9, 2021. (*See id.*).

Applicant has also retained the services of John W. Moscow and the firm of Lewis Baach Kaufmann Middlemiss PLLC ("LBKM") since 2019. (Moscow Decl. ¶ 7). In addition to providing legal advice, LBKM has worked to locate Aidan's assets around the world, which assets LBKM estimates amount to between $1 and $2 billion. (*Id.* at ¶¶ 7, 13). Between March 23 and April 8, 2021, LBKM served preservation letters on several of Aidan's business associates in the United States and abroad in anticipation of litigation. (*Id.* at ¶ 10). Applicant and counsel believe that relevant records of Aidan's international correspondent banking activities and ownership of foreign bank accounts are held in the Southern District of New York. (*Id.* at ¶ 23).

## DISCUSSION

**A.   Legal Standard**

Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal .... The order may be made ... upon the application of any interested person and may direct that

> the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). A litigant in a foreign action qualifies as an "interested person" under Section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). To apply for discovery pursuant to Section 1782, all that is necessary is that a "dispositive ruling" by a foreign adjudicative body is "within reasonable contemplation." *Id.* at 259 (holding that discovery was proper under Section 1782 even though the applicant's complaint was still only in the investigative stage). District courts may approve Section 1782 discovery requests in the context of an *ex parte* application for an order appointing a commissioner to collect the information. *See Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (summary order) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3).").

The court retains wide discretion to grant discovery under Section 1782. *See Intel*, 542 U.S. at 260-61; *see also In re Edelman*, 295 F.3d 171, 181 (2d Cir. 2002) ("Congress planned for district courts to exercise broad discretion over the issuance of discovery orders pursuant to § 1782(a)[.]"). In exercising its discretion, the court considers the following factors: (i) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (ii) "the nature of the foreign tribunal, the character of the proceedings

underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (iii) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (iv) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65; *accord In re Accent Delight Int'l Ltd.*, 791 F. App'x 247, 250-51 (2d Cir. 2019) (summary order). Additionally, the Court is mindful of the two broad aims of the provision: "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997). The party seeking discovery need not establish that the information sought would be discoverable under the foreign court's law or that the U.S. would permit the discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63. Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a).

**B.    Analysis**

    **1.    Statutory Factors**

The Court finds that the application satisfies the three statutory requirements of Section 1782. *First*, Applicant requests that this Court appoint a Commissioner to subpoena documents only from parties located within the Southern District of New York. Applicant acknowledges "that should she seek

approval to subpoena documents from parties outside of the Southern District of New York she will be required to file additional § 1782 applications in the appropriate jurisdictions." (App. Br. 29 n.52).

*Second*, Applicant seeks discovery for use in an action brought in a Kazakh court of first instance, *i.e.*, a trial court, for equitable division of marital property. (App. Br. 30). Applicant timely filed that action within the applicable three-year statute of limitations. (*Id.*). The court of first instance will accept and review written pleadings and documentary evidence, hear live testimony, and will receive into evidence such materials as the parties may introduce to prove the value of the marital estate. (*Id.*). And Kazakh law provides that foreign evidence may be used in domestic Kazakh marital property proceedings to prove the value of foreign assets. (*Id.*). Accordingly, Applicant has satisfied the requirement to demonstrate the existence of a foreign proceeding to which the records sought are relevant.

*Third*, Applicant is plainly an "interested person" for purposes of Section 1782. *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among ... the 'interested person[s]' who may invoke § 1782."); *Application of Malev Hungarian Airlines*, 964 F.2d 97, 101 (2d Cir. 1992) (noting that the phrase "upon the application of any interested person" was inserted into Section 1782 "as part of the effort to liberalize the assistance provided by American courts to foreign and international tribunals"). Applicant is the plaintiff in the Kazakh civil proceeding and thus may bring this application pursuant to Section 1782.

### 2. Discretionary Factors

Turning to the discretionary *Intel* factors, the Court concludes that granting the application for appointment of a Commissioner to aid Applicant in obtaining relevant discovery in this District is an appropriate exercise of this Court's discretion under Section 1782. *First*, many of the entities from which discovery is sought are not parties to the foreign proceeding and "may be outside the foreign tribunal's jurisdictional reach." Because the respondent entities from which Applicant anticipates seeking records are unlikely to be subject to the disclosure power of the Kazakh courts, "their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264.

*Second*, the Kazakh proceeding is an appropriate subject of judicial assistance. As discussed above, the proceeding is adjudicative and there is no indication that the Kazakh courts would be unreceptive to requests from U.S. courts for judicial assistance. Granting the application will facilitate a resolution of the proceedings in Kazakhstan by allowing Applicant to obtain relevant and admissible materials.

*Third*, the Court finds that Applicant's request neither "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," nor suggests an anticipated course of conduct that will be "unduly intrusive or burdensome" on respondents. *Intel*, 542 U.S. at 265. Rather, the application seeks authorization to (i) issue subpoenas *duces tecum* that are tailored for the production of corporate and

banking documents critical to Applicant's claims in the Kazakhstan proceedings from entities that are not party to the Kazakhstan case, and (ii) take deposition testimony critical to the preparation of Applicant's case from entities that are not parties to the case. (App. Br. 33). And to reiterate, respondents may challenge discovery requests presented to them by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3). *See Gushlak*, 486 F. App'x at 217.

Accordingly, the application satisfies both the statutory requirements and the *Intel* discretionary criteria.

### CONCLUSION

For the reasons described above, the Court GRANTS the application pursuant to 28 U.S.C. § 1782 and appoints John W. Moscow as Commissioner. Mr. Moscow is vested with the authority to issue subpoenas seeking (i) relevant testimony and documents as may be found within the jurisdiction of this Court, including testimony from bankers, accountants, and business associates; (ii) documents pertaining to companies and bank accounts associated with Aidan and his nominee owners; and (iii) correspondent banking records and records relating to securities ownership, custodianship, and transfers, and documentation and testimony relating to real estate holdings. Mr. Moscow is admonished in this regard to limit his subpoenas to parties located within the Southern District of New York, and to hew closely to the categories of discovery identified in Applicant's submissions to the Court.

The Clerk of the Court is directed to terminate the motion at docket entry 1 and to close this action for administrative purposes. Should any respondent file a motion to quash, the action shall automatically be reopened.

SO ORDERED.

Dated:     June 15, 2021
           New York, New York

                                            KATHERINE POLK FAILLA
                                            United States District Judge