**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE APPLICATION OF MAKHPAL KARIBZHANOVA FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782** | Case No. 1:21-mc-02056-RPK |

**AIDAN KARIBZHANOV'S MEMORANDUM**
**OF LAW IN SUPPORT OF MOTION TO INTERVENE**

MENZ BONNER KOMAR & KOENIGSBERG LLP
One North Lexington Avenue, Suite 1550
White Plains, New York 10601
Tel.:  (914) 949-0222
Fax:  (914) 997-4117
*Attorneys for Movant Aidan Karibzhanov*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................ii-iii

PRELIMINARY STATEMENT ...............................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND........................................................................5

ARGUMENT ....................................................................................................................5

I.     THE COURT SHOULD GRANT AIDAN KARIBZHANOV'S MOTION
     TO INTERVENE ....................................................................................................5

   A.     Intervention as of Right ............................................................................6

       1.     Aidan Karibzhanov's Request to Intervene is Timely ......................7

       2.     Aidan Karibzhanov Has a Clear Interest in This Proceeding ...........9

       3.     Aidan Karibzhanov's Interests in This Proceeding Will Be
           Impaired Absent Intervention ......................................................10

       4.     Aidan Karibzhanov's Interests Are Not Adequately
           Represented ...............................................................................11

   B.     Permissive Intervention ..........................................................................11

CONCLUSION.................................................................................................................13

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                          **Page(s)**

*Barry's Cut Rate Stores, Inc. v. Visa, Inc.*,
No. 05-MD-1720, 2021 WL 2646349 (E.D.N.Y. June 28, 2021) ...........................................5, 11

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
250 F.3d 171 (2d Cir. 2001) ...................................................................................................11

*D'Amato v. Deutsche Bank*,
236 F.3d 78 (2d Cir. 2001)........................................................................................................7

*Dorsett v. County of Nassau*,
283 F.R.D. 85 (E.D.N.Y. 2012) ...............................................................................................12

*Dow Jones & Co. v. U.S. Dep't of Justice*,
161 F.R.D. 247 (S.D.N.Y. 1995) ..................................................................... 7-8, 8, 11

*Farmland Dairies v. Comm'r of the N.Y. State Dep't of Agric. & Mkts.*,
847 F.2d 1038 (2d Cir. 1988)....................................................................................................7

*Gushlak v. Gushlak*,
486 Fed. App'x 215 (2d Cir. 2012)............................................................................................9

*H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*,
797 F.2d 85 (2d Cir. 1986)......................................................................................................12

*In re Bank of N.Y. Derivative Litig.*,
320 F.3d 291 (2d Cir. 2003).....................................................................................................12

*In re Application of Hornbeam Corp.*,
No. 14 Misc. 424, 2015 WL 13647606 (S.D.N.Y. Sept. 17, 2015),
*aff'd*, 722 Fed. App'x 7 (2d Cir. 2018) .............................................................................8, 9, 11

*In re Application of Sarrio, S.A.*,
119 F.3d 143 (2d Cir. 1997).......................................................................................................9

*Louis Berger Grp., Inc. v. State Bank of India*,
802 F. Supp. 2d 482 (S.D.N.Y. 2011)......................................................................................11

*N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*,
No. cv 12-1633, 2015 WL 777248 (E.D.N.Y. Feb. 13, 2015),
*report and recommendation adopted*,
No. 12-CV-1633, 2015 WL 1345814 (E.D.N.Y. March 25, 2015)............................................5

*Olin Corp. v. Lamorak Ins. Co.*,
325 F.R.D. 85 (S.D.N.Y. 2018) ...............................................................................7, 12

*Peaje Invs. LLC v. García-Padilla*,
845 F.3d 505 (1st Cir. 2017) ...................................................................................5-6

*Pike Co. v. Universal Concrete Prods., Inc.*,
284 F. Supp. 3d 376 (W.D.N.Y. 2018) ......................................................................8

*Spangler v. Pasadena City Bd. of Educ.*,
552 F.2d 1326 (9th Cir. 1977) ..................................................................................12

*Tachiona ex rel. Tachiona v. Mugabe*,
186 F. Supp. 2d 383 (S.D.N.Y. 2002) .............................................................5, 7, 8

*Trbovich v. United Mine Workers of Am.*,
404 U.S. 528 (1972) ...................................................................................................11

*United States v. City of New York*,
198 F.3d 360 (2d Cir. 1999)..............................................................................6-7, 9

*United States v. Pitney Bowes, Inc.*,
25 F.3d 66 (2d Cir. 1994) ...........................................................................................7

*Windsor v. United States*,
797 F. Supp. 2d 320 (S.D.N.Y. 2011) .......................................................................5

**Statutes and Rules**

28 U.S.C. § 1782 ....................................................................................................1, 2

Fed. R. Civ. P. 7(a) .....................................................................................................6

Fed. R. Civ. P. 24(a)(2).........................................................................................7, 10

Fed. R. Civ. P. 24(b)(1)(B) .......................................................................................11

Fed. R. Civ. P. 24(b)(3).........................................................................................11-12

Fed. R. Civ. P. 24(c) ...................................................................................................5

Mr. Aidan Karibzhanov ("Aidan") respectfully submits this memorandum of law, together with the Declaration of Patrick D. Bonner, Jr. ("Bonner Dec." or "Bonner Declaration"), and exhibits attached thereto, and the Declaration of Aidan Karibzhanov ("Karibzhanov Dec."), dated July 31 2021, and exhibits attached thereto, in support of his motion to intervene in this *ex parte* proceeding in which Ms. Makhpal Karibzhanova ("Ms. Karibzhanova") seeks judicial assistance pursuant to 28 U.S.C. § 1782 ("Section 1782").

PRELIMINARY STATEMENT

This proceeding arises out of a related Section 1782 application filed by Ms. Karibzhanova in the Southern District of New York (the "S.D.N.Y. Proceeding").  In the S.D.N.Y. Proceeding, the court entered an order on June 15, 2021, granting Ms. Karibzhanova's application, which authorizes Ms. Karibzhanova's counsel, Mr. John W. Moscow, to serve subpoenas to obtain documents and testimony from various and unspecified individuals and entities for use in a proceeding against Aidan, her former spouse, in the Republic of Kazakhstan, in which she seeks division of common property subsequent to divorce (the "Kazakhstan Proceeding").  Ms. Karibzhanova has now filed a similar application in this Court, claiming that certain individuals and entities from whom she seeks information are now located in the Eastern District of New York, without actually identifying the names of each of these individuals and entities.  Incredibly, Mr. Moscow seeks authority to issue subpoenas to individuals and entities, without further review by this Court, that he does not know reside or are found in this District because he "believe[s] [there] is a reasonable likelihood that further investigation will . . . reveal ties to [the Eastern District of New York].  Moscow Decl. at ¶¶ 19, 23.

Aidan seeks to intervene in this proceeding to oppose Ms. Karibzhanova's application in this Court.  Simultaneously, he has filed a motion to vacate the Section 1782 order entered in the

S.D.N.Y. Proceeding, a copy of which is attached to the accompanying Bonner Declaration, including the memorandum of law in support thereof, and the accompanying fact affidavits filed therewith (the "S.D.N.Y. Motion").  The S.D.N.Y. Motion is hereby incorporated herein by reference as proposed pleadings, and demonstrates Aidan's position in this proceeding if permitted to intervene—in short, Ms. Karibzhanova is not entitled to the discovery that was granted and is not entitled to the discovery she seeks here because (i) her application in that court and in this court relies on false and misleading allegations and was intended to harass Aidan and his friends and colleagues for the purposes of extracting a coercive $300 million settlement in the Kazakhstan Proceeding; (ii) the application fails to comply with the statutory requirements of Section 1782 because it impermissibly seeks to authorize to Mr. Moscow to issue subpoenas based on his determination of whether the person from whom discovery was sought resides or is found in the Eastern District of New York; and (iii) the Court in its discretion should apply the *Intel* factors applicable to Section 1782 applications and determine that the discovery sought is not warranted.

As discussed in the S.D.N.Y. Motion, incorporated herein, and as demonstrated by the supporting Declarations submitted with this motion, both Ms. Karibzhanova and her lawyers made materially false and misleading allegations both to the Southern District and to this Court regarding both Aidan's financial interests in New York, the Southern District, and the Eastern District, and his personal character and affairs, in order to support the *ex parte* Application.  In fact, the Application was in furtherance of an attempt to coerce Aidan into an extraordinary settlement of Ms. Karibzhanova's claims in the Kazakhstan proceeding for over $300 million through threats and intimidation.  In the weeks and months prior to the S.D.N.Y. application, Mr. Moscow's law firm threatened both Aidan and his business associates with worldwide public

disclosure of their "affairs," as well as potential criminal charges, if they did not settle and

acquiesce to Ms. Karibzhanova's demands.  The Lewis Baach law firm threatened in April 2021:

> Makhpal strongly prefers a quiet settlement of this matter.  She has
> no desire to put your affairs, and those of your friends and business
> colleagues, on display for the world to see.  She is prepared to
> accept an equitable disposition of assets, fully release any further
> claims against you, and execute non-disclosure agreements.  But
> she is prepared to litigate this matter in the courts and the
> international press if necessary. . . . You should understand that
> this matter will go far beyond the courts of Kazakhstan. . . . In the
> numerous legal actions that will commence, you will be exposed to
> a very public course of court proceedings throughout the world.
> We know full well the interest of the global press in these matters .
> . . . The question you need to ask yourself is whether you and your
> Kazakh partners want to read about your business dealings and
> personal escapades in the *New York Times,* the *Financial Times,*
> and the *Wall Street Journal.*  Karibzhanov Dec., Ex. B, at 1-2.

The letter also threatened Aidan with criminal charges if Aidan attempted to contact his

ex-wife.  Mr. Moscow and his law firm gave Aidan four (4) calendar days to come up with $300

million—or else.  *Id.* at 2.  In that event, the firm wrote, Ms. Karibzhanova would make good on

her threats of public disclosure and humiliation through the press and the courts in order to

embarrass and pressure Aidan into a massive settlement.  *See id.*

Mr. Moscow and his law firm also delivered threats to Aidan's business associates.  In a

document preservation letter sent to Aidan's business associates in London and Switzerland in

March 2021, prior to the Application, Mr. Moscow's law firm threatened that the failure to

comply fully with the notice could subject those business associates to prosecution by the

Manhattan District Attorney's Office—where coincidentally Mr. Moscow was employed for

thirty years as a prosecutor.  After setting forth a litany of evidence and information the firm

would later seek by subpoena, the Lewis Baach law firm wrote, "*Please be advised that any

conduct which may be interpreted as an attempt to dissuade Ms. Karibzhanova from pursing her*

*legal rights or deny her access to information, directed at Ms. Karibzhanova directly or any member of her family, may well be subject to criminal prosecution by the Office of the District of* [sic] *Attorney of New York.*"  Karibzhanov Dec., Ex. A, at 2-3.

Ms. Karibzhanova and her lawyers made good on her threats when she filed the Application in the Southern District and in this Court.  The S.D.N.Y. Application, as well as Ms. Karibzhanova's and Mr. Moscow's fact affidavits in support, are filled with scandalous, unsupported and false accusations, claims and charges regarding Aidan's alleged personal conduct, and the dissolved marriage, that have nothing to do with the Section 1782 Application that was filed.  In fact, many of the accusations, rumors and claims asserted in Ms. Karibzhanova's memorandum of law are not even supported by the fact affidavits that are cited and appear to be nothing more than an attempt at fiction writing by Mr. Moscow and his firm.  To be clear, these accusations were included for one reason—to embarrass and humiliate Aidan in order to extract a $300 million settlement.  The fact that Mr. Moscow is using the United States District Courts as pawns in his goal to "*put [Aidan's] affairs, and those of [his] friends and business colleagues, on display for the world to see*," is outrageous.  Karibzhanov Dec., Ex. B, at 1.  The fact that he is now seeking to serve as the Section 1782 Commissioner—an officer of this Court—is even more egregious.

In addition to supplying a proposed pleading in support of this motion to intervene, Aidan has filed a timely request to intervene; he has an interest in this proceeding as he is the party against whom discovery may be used in the foreign proceeding; and his interest will be impaired absent intervention.  Further, the only current party to this proceeding, Ms. Karibzhanova, has interests adverse to Aidan's interests.  Accordingly, Aidan respectfully requests that the Court allow him to intervene in this proceeding to oppose Ms. Karibzhanova's application.

4

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts and procedural background, as set forth fully in the S.D.N.Y. Motion, are incorporated by reference herein.  *See* Bonner Dec., ¶ 3, Exs. A-E.

## ARGUMENT

## I.   THE COURT SHOULD GRANT AIDAN KARIBZHANOV'S MOTION TO INTERVENE

Generally, when moving to intervene, the movant must submit with their motion "a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).  However, courts have been flexible with this technical requirement where the movant's position is clearly articulated, and the opposing party will not be prejudiced.  *Windsor v. United States*, 797 F. Supp. 2d 320, 325-26 (S.D.N.Y. 2011) ("Waiver of the pleading requirement is justified here because BLAG's position on the subject matter of the litigation is clearly articulated in its motion papers."); *Tachiona ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 393 n.8 (S.D.N.Y. 2002) ("Where, however, the position of the movant is apparent from other filings and where the opposing party will not be prejudiced, Rule 24(c) permits a degree of flexibility with technical requirements."); *Barry's Cut Rate Stores, Inc. v. Visa, Inc.*, No. 05-MD-1720, 2021 WL 2646349, at *13 (E.D.N.Y. June 28, 2021) (collecting cases) (waiving pleading requirement where proposed intervenors' position was "clearly articulated in their motion papers, which include copies of their proposed briefing in opposition to class certification"); *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, No. cv 12-1633, 2015 WL 777248, at *17-18 (E.D.N.Y. Feb. 13, 2015), (waiving pleading requirement where movant's position was "apparent in light of the arguments raised in its moving papers and with the filing of its proposed Answer to [a complaint that had been previously dismissed]"), *report and recommendation adopted*, No. 12-CV-1633, 2015 WL 1345814 (E.D.N.Y. March 25, 2015); *accord Peaje Invs.*

5

*LLC v. García-Padilla*, 845 F.3d 505, 515-16 (1st Cir. 2017) (collecting cases from other circuits) (holding that the district court abused its discretion in denying a motion to intervene for failure to file a proposed pleading because the movant could not be expected to respond to a non-existent complaint, as the proceeding was commenced by the filing of a motion rather than a pleading, and the failure to submit a pleading did not prejudice the other parties).

Here, Ms. Karibzhanova commenced this *ex parte* proceeding by filing an application for judicial assistance pursuant to Section 1782, which functions as a request for discovery, rather than a pleading in which she asserts claims against another to be litigated between the parties. Therefore, there is no pleading to which Aidan can be expected to respond.  *See* Fed. R. Civ. P. 7(a) (listing pleadings allowed).  However, Aidan's position in response to the instant application is clearly articulated in S.D.N.Y Motion.  *See* Bonner Dec., Exs. A-E.  As Ms. Karibzhanova's application in this Court relies on the application previously filed in the Southern District of New York, as well as the court's order in that proceeding, *see* Memorandum of Law, Dkt. No. 1, at 2, Aidan should also be permitted to rely on his filing in the Southern District of New York, *i.e.*, the S.D.N.Y. Motion, in support of his opposition in the instant proceeding.

Ms. Karibzhanova will suffer no prejudice from Aidan's reliance on the S.D.N.Y. Motion because she is a party to the S.D.N.Y. Proceeding, and Aidan's filing intends to respond to allegations Ms. Karibzhanova has made herself.  Accordingly, Aidan respectfully requests that the Court conclude that the pleading requirement set forth in Federal Rule of Civil Procedure 24(c) has been satisfied.

### A.   INTERVENTION AS OF RIGHT

To be entitled to intervene in an action as of right, the movant "must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired

by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *United States v. City of New York*, 198 F.3d 360, 364 (2d Cir. 1999); Fed. R. Civ. P. 24(a)(2) ("On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately protect that interest.").

    1.    <u>Aidan Karibzhanov's Motion to Intervene is Timely</u>

Whether a motion to intervene has been timely filed is to be "evaluated against the totality of the circumstances before the court." *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (quoting *Farmland Dairies v. Comm'r of the N.Y. State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1044 (2d Cir. 1988)). Courts generally consider "(1) how long the applicant had notice of the interest before [he] made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Id.* (alteration in original) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)).

Ms. Karibzhanova filed her application on July 14, 2021, just a little more than two weeks prior to this filing. *See* Dkt. No. 1. District courts have routinely held that even greater periods of time between the filing of an action and a motion to intervene are reasonable and, thus, timely. *See, e.g.*, *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 88 (S.D.N.Y. 2018) (finding motion to intervene timely when filed within a few months after the filing of third-party claims against the movant); *Tachiona*, 186 F. Supp. 2d at 395 (finding motion to intervene timely when filed seven weeks after decision on the merits of plaintiffs' motion and caused no undue delay or prejudice as "an appeal by any party can hardly surprise opposing counsel"); *Dow Jones*

*& Co. v. U.S. Dep't of Justice*, 161 F.R.D. 247, 252 (S.D.N.Y. 1995) (finding motion to intervene timely when filed almost three weeks after decision on motion for summary judgment); *In re Application of Hornbeam Corp.*, No. 14 Misc. 424, 2015 WL 13647606, at *3 (S.D.N.Y. Sept. 17, 2015) (finding motion to intervene in Section 1782 proceeding timely when filed about a month after movant learned of the proceeding and about six months after district court granted Section 1782 application), *aff'd*, 722 Fed. App'x 7 (2d Cir. 2018); *Pike Co. v. Universal Concrete Prods., Inc.*, 284 F. Supp. 3d 376, 394-95 (W.D.N.Y. 2018) (collecting cases from various districts where motions to intervene were found timely when filed approximately five months after learning of the proceedings).

Moreover, the only current party to this proceeding, Ms. Karibzhanova, would not be prejudiced by intervention at this stage, as opposition to her application can hardly come as a surprise when filed by the individual against whom the requested discovery will be used. *Cf. Tachiona*, 186 F. Supp. 2d at 395 ("[A]n appeal by any party can hardly surprise opposing counsel."). Further, the factual information sworn to in the Affidavit of Aidan Karibzhanov filed in support of the S.D.N.Y. Motion would not prejudice or surprise Ms. Karibzhanova because the affidavit seeks to clarify or correct false and misleading assertions contained in the application that were made by Ms. Karibzhanova and her counsel. *See Dow Jones & Co.*, 161 F.R.D. at 253 (finding no prejudice to existing parties where proposed intervenor did not intend to expand the factual record). Additionally, once a decision on the application has been made, there are no further proceedings that would be impacted or delayed by allowing Aidan to intervene. By contrast, Aidan will certainly be prejudiced if his request to intervene is denied, as he will be prevented from objecting to several requests for the disclosure of private information that has no bearing on the Kazakhstan proceeding. Accordingly, in light of the insignificant

delay in filing this motion and the substantial prejudice that Aidan will suffer if his request for intervention is denied, the Court should find this motion timely.

> ### 2.    Aidan Karibzhanov Has a Clear Interest in This Proceeding

A person seeking to intervene in an action "must have a 'direct, substantial, and legally protectable' interest in the subject matter of the action." *City of New York*, 198 F.3d at 365.  The subject matter in this proceeding solely involves Ms. Karibzhanova's request for production of documents and testimony from various individuals and entities for the stated purpose of gathering information about Aidan's financial interests for use in a foreign proceeding to partition common property.  Courts in the Second Circuit have held that a person against whom discovery will be used in a foreign proceeding has standing to challenge discovery orders entered and/or subpoenas served in a Section 1782 proceeding.  *In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("This does not mean that standing to oppose subpoenas issued under § 1782 is limited to the subpoenaed witness.  We have recognized, though implicitly, that parties against whom the requested information will be used may have standing to challenge the lawfulness of discovery orders directed to third parties."); *Hornbeam*, 2015 WL 13647606, at *2 (quoting *In re Sarrio*); *see Gushlak v. Gushlak*, 486 Fed. App'x 215, 217 (2d Cir. 2012) (collecting cases) (explaining that party against whom discovery was to be used "can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)").

As Aidan is the individual against whom Ms. Karibzhanova seeks to use the requested discovery, the Court should conclude, as have other courts in this Circuit, that Aidan has a direct, substantial, and legally protectable interest in this proceeding, *i.e.*, interests in safeguarding his privacy and ensuring that improper disclosure is not permitted.

**3.    Aidan Karibzhanov's Interests in This
            Proceeding Will Be Impeded Absent Intervention**

A person with an established interest in a proceeding must also show that disposition of
the proceeding in the absence of intervention "may as a practical matter impair or impede the
person's ability to protect that interest."  Fed. R. Civ. P. 24(a)(2).  If the Court grants Ms.
Karibzhanova's application without consideration of Aidan's position on the requested
discovery, Ms. Karibzhanova may obtain private information about Aidan and others, to which
she is not entitled, before Aidan or any recipient of a subpoena has an opportunity to move to
quash a subpoena.  Additionally, Aidan has no power to order a subpoena recipient to make such
a motion.  In fact, Aidan was never served with notice of this proceeding, the S.D.N.Y
Proceeding, or notice of issuance of any subpoenas in the S.D.N.Y. Proceeding.  Karibzhanov
Dec., at ¶ 10 .  Therefore, Aidan is not even in a position to identify the identities of those who
may be in a position to move to quash any subpoenas served if the instant application is granted.

Additionally, the fact that the court in Kazakhstan may not ultimately allow any or all
information to be admitted for purposes of the equitable distribution proceeding pending there
does nothing to safeguard Aidan's interests, given that Ms. Karibzhanova has threatened to
"litigate this matter in the courts *and the international press*," "expose [Mr. Karibzhanov] to a
very public course of court proceedings throughout the world," and publish Aidan's and his
business partners' "business dealings and personal escapades" in various popular newspapers.
Karibzhanov Dec., Ex. B, at 1-2.  Therefore, to ensure that Ms. Karibzhanova is not permitted to
obtain information for an improper purpose, as further discussed in the S.D.N.Y. Motion, or
information irrelevant to the Kazakhstan Proceeding, the Court should find that Aidan's interests
may be impeded absent intervention.

4.      **Aidan Karibzhanov's Interests Are Not Adequately Represented**

In considering whether the movant's interest is adequately represented, the Court is guided by the principle that the burden of establishing inadequate representation is "minimal." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972)); *Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 487-88 (S.D.N.Y. 2011) (quoting *Dow Jones & Co.*, 161 F.R.D. at 254); *Barry's Cut Rate Stores, Inc.*, 2021 WL 2646349, at *10.  The only current party to this proceeding is Ms. Karibzhanova, whose interests in disclosure of Aidan's personal information are the opposite of Aidan's interests in preventing improper disclosure of the same information.  The same circumstances have been determined not to provide adequate representation for a proposed intervenor.  *Hornbeam*, 2015 WL 13647606, at *3 (finding no adequate representation of movant's interests in Section 1782 action as the only existing party was adverse was to the movant and the subpoena recipients had not moved to quash the subpoenas).  In fact, there is no representation of Aidan's interests at all, as Ms. Karibzhanova did not name any parties in this proceeding, and no subpoenas have been served.  Accordingly, the Court should find that Aidan's interests are not adequately represented.

B.      **PERMISSIVE INTERVENTION**

Should the Court determine that Aidan is not entitled to intervene as of right, the Court may still allow Aidan to intervene under Federal Rule 24, which provides for permissive intervention, allowing, "[o]n timely motion, . . . anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  In deciding whether to permit intervention, the Court must consider "whether the

11

intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Additionally, the Court may consider, in its discretion, "'the nature and extent of the intervenors' interests,' the degree to which those interests are 'adequately represented by other parties,' and 'whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)); *Dorsett v. County of Nassau*, 283 F.R.D. 85, 90 (E.D.N.Y. 2012); *see In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 n. 5 (2d Cir. 2003) ("Substantially the same factors are considered in determining whether to grant an application for permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2)."). Ultimately, "[t]his rule is 'to be liberally construed' in favor of intervention." *Id.*; *Olin Corp.*, 325 F.R.D. at 87.

As illustrated in the accompanying the S.D.N.Y. Motion, Aidan's objections to Ms. Karibzhanova's issuance of subpoenas to obtain private information about him and others involve questions of law and fact relevant to the factors that courts consider when evaluating whether to exercise its discretion on an application that satisfies the statutory requirements under Section 1782, *i.e.*, the *Intel* factors. Ms. Karibzhanova relied on the *Intel* factors in support of her application, *see* Dkt. Nos. 1-3, and the Court relied on them in support of its decision to grant the application, *see* Dkt. Nos. 1-5. If permitted to intervene, Aidan intends to rely on those same factors and the allegations contained in Ms. Karibzhanova's application to demonstrate that the application should have been denied. *See* Bonner Dec., Exs. A-E.

The remaining elements required under FRCP 24(b) of timeliness and whether intervention will unduly delay or prejudice the adjudication of the original parties' rights, along with the discretionary factors, *i.e.*, the nature and extent of the movant's interests, adequate representation, and movant's contribution to development of the record and adjudication of legal issues, have all been discussed above under the heading for intervention as of right, and all factors strongly weigh in favor of intervention.  Accordingly, the Court should exercise its broad discretion and permit Aidan to intervene, should it find that not all of the requirements for intervention as of right have been met.

<h2 style="text-align:center">CONCLUSION</h2>

Based on the foregoing, Mr. Karibzhanov respectfully requests that this Court allow him to intervene and file an opposition to Ms. Karibzhanova's application for judicial assistance pursuant to 28 U.S.C. § 1782.  Additionally, Mr. Karibzhanov requests that the Court provide a briefing schedule to ensure that the Court may consider Mr. Karibzhanov's opposition prior to rendering a decision on the application.

Dated:  White Plains, New York
          August 2, 2021

Respectfully submitted,

MENZ BONNER KOMAR & KOENIGSBERG LLP


By:     *s/Patrick D. Bonner, Jr.*
          Patrick D. Bonner, Jr.
          John R. Menz

One North Lexington Avenue, Suite 1550
White Plains, New York 10601
Tel.:  (914) 949-0222
Fax:  (914) 997-4117
*Attorneys for Movant Aidan Karibzhanov*

13