# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE
APPLICATION OF MAKHPAL
KARIBZHANOVA FOR JUDICIAL
ASSISTANCE PURSUANT TO
28 U.S.C. § 1782

Case No. 1:21-MC-00442-KPF

DECLARATION OF
AIDAN KARIBZHANOV

**AIDAN KARIBZHANOV**, pursuant to 28 U.S.C. § 1746, declares the following:

1.      I am a citizen and resident of the Republic of Kazakhstan and the former spouse of Ms. Makhpal Karibzhanova ("Ms. Karibzhanova"). I am proficient in both writing and speaking English and fully capable of providing this declaration in the English language. I am fully familiar with the facts set forth herein.

2.      I make this Declaration in support of my motion to quash subpoenas and vacate the Court's order granting Ms. Karibzhanova's application for judicial assistance pursuant to 28 U.S.C. § 1782.

### Matrimonial Proceedings in Kazakhstan

3.      On May 15, 2018, Ms. Karibzhanova and I were divorced pursuant to an appeal judgment entered in the Almaty City Court in Kazakhstan.

4.      Approximately three years later, on April 22, 2021, Ms. Karibzhanova filed a claim in the Medeu District Court of Almaty City in Kazakhstan ("Medeu District Court"), seeking division of property.

5.      Since April 22, 2021, Ms. Karibzhanova has filed separate claims seeking the division of common property in the Medeu District Court and has filed appeals of the dismissal of her claims.

1



6. At no time has Ms. Karibzhanova or her lawyers informed the Medeu District Court or me or my lawyers about the existence or status of her application to this Court for judicial assistance pursuant to 28 U.S.C. §1782 Application to this Court.

### Ms. Karibzhanova's Application for Judicial Assistance in the United States

7. Prior to filing her application for judicial assistance pursuant to 28 U.S.C. §1782, (the "Application"), Ms. Karibzhanova issued several document preservation letters to individuals whom she falsely believes possess documents relevant to her claims before the Medeu District Court. A true and correct copy of one such letter, dated March 23, 2021 and addressed to Mr. Karibzhanov's acquaintance Mr. Dimitri Kryukov, is attached hereto as **Exhibit A**. This letter, from Ms. Karibzhanova's counsel, Adam S. Kaufmann, with whom John W. Moscow ("Mr. Moscow") practices law at Lewis Baach Kaufmann Middlemiss PLLC, makes apparent that Messrs. Kaufmann and Moscow seek to leverage their previous experience at the Manhattan District Attorney's Office in an effort to intimidate witnesses. Mr. Kaufmann's letter intentionally attempts to leave the impression with a non-U.S. citizen that he has the authority to initiate a criminal prosecution by claiming that "any conduct which may be interpreted as an attempt to dissuade Ms. Karibzhanova from pursuing her legal rights or deny her access to information, directed at Ms. Karibzhanova directly or any member of her family, may well be subject to criminal prosecution by the Office of the District Attorney of New York." Exhibit A at 2-3.

8. Then, on April 8, 2021, Ms. Karibzhanova's counsel sent a letter to me, threatening to "put [my] affairs, and those of [my] friends and business colleagues, on display for the world to see" and "to litigate this matter in the courts and the international press" if I did not pay her over $300 million. A true and correct copy of this letter is attached hereto as **Exhibit B**.

2



9.     Ms. Karibzhanova also sent private messages to various businesspeople in Kazakhstan who, according to her, are associated with me. For example, in a message dated April 9, 2021 to Almaz Irishev, Ms. Karibzhanova claimed that she would like to resolve this matter peacefully, and my decision not to give in her to her demands will cause a massive scandal, letting down many people. She also referred to an attempt to organize a meeting with "high-level people from New York, Washington and London" to "stop" me from defending myself. As is demonstrated in this letter, and through previous correspondence, *see* Exhibit B, it is Ms. Karibzhanova, not me, who is attempting to cause a scandal here. A true and correct copy of the message to Almaz Irishev, along with an English translation, is attached hereto as **Exhibit C**.

10.     On May 12, 2021, Ms. Karibzhanova filed an application for judicial assistance pursuant to 28 U.S.C. § 1782 (the "Application"), seeking the appointment of Mr. Moscow as Commissioner and permission for Mr. Moscow, as Commissioner, to issue subpoenas to various individuals and entities for the production of documents and testimony that Ms. Karibzhanova claims are necessary for use in the equitable distribution proceeding pending in the Medeu District Court in Kazakhstan. Neither I nor my lawyers received formal notice of the Application.

11.     In the Application, Ms. Karibzhanova and Mr. Moscow have made numerous false and misleading representations, several of which I will clarify and correct:

a.     First, my ex-wife claims that I engaged in abusive and violent behavior toward her. *See* Affidavit of Makhpal Karibzhanova ("Karibzhanova Aff."), Dkt. No. 3, at ¶¶ 14-15, 18, 21. That is false. These claims of abuse and the claims of marital infidelity (which need not be further addressed) are entirely irrelevant to Ms. Karibzhanova's Application and thus were obviously made to tarnish my reputation and attempt to make good on Mr. Moscow's threat

3

to sully my reputation in the international press. *See* Exhibit B, *supra* ¶ 8, at 1-2 ("[Ms. Karibzhanova] is prepared to litigate this matter in the courts *and the international press if necessary. . . .* The question you need to ask yourself is whether you and your Kazakh partners want to read about your business dealings and personal escapades in the *New York Times*, the *Financial Times*, and the *Wall Street Journal*." (Emphasis added)). Additionally, these claims were made to prejudice this Court against me and my interests when deciding whether to grant the Application.

> b. Second, Mr. Moscow simply asserts, without providing affidavits or declarations from any of the unnamed "investigators" with whom he has been working, that he "believe[s] that all information contained [in his declaration] is true." Declaration of John W. Moscow ("Moscow Decl."), Dkt. No. 5, at ¶ 5. Mr. Moscow then claims that "[t]he legal structure of assets in [my] control . . . is commensurate with purposefully obfuscated transactions and ownership structures designed to hinder efforts to uncover the identity of the true beneficial owner." *Id.* at ¶ 14. This is entirely false. While it is difficult to disprove the baseless assertion that I own assets through "ownership structures designed to hinder efforts to uncover the identity of the true beneficial owner," *id.* at ¶ 14, the veracity of the sworn statements of Ms. Karibzhanova and Mr. Moscow may be judged by matters they swore to that are within the jurisdiction of this Court.

> c. I am a businessman, and as it is widely reported, I am one of the partners in the Visor Group, which does not do business in New York City or in the United States. I do not own, either directly or indirectly, any interests in the Verno Capital Group Limited or its affiliates ("Verno"), Mubadala Fund, the Paladigm Group or its affiliates, or ABA Bank or its affiliates, contrary to Ms. Karibzhanova's and Mr. Moscow's assertions. *See* Karibzhanova Aff.,

4

at ¶¶ 39, 41, 43; Moscow Decl., at ¶¶ 16-17. I was formerly a director at Verno, which is publicly available information and certainly did not require a team of investigators to uncover, but I had no ownership interest in the company. Additionally, I have no material financial connection to the privatization of mineral rights owned by Kaz Minerals, the privatization of the Koksay copper mines and the East Akzhar oil fields, or the privatization of oil and gas fields in Kazakhstan and the alleged related entities (Handoxx Inv. Ltd., Compass Global Investments Closed Unit Investment Fund, Silverstand Bay Limited, and Repulse Bay Limited), as is claimed in the Application. *See* Karibzhanova Aff., at ¶¶ 42, 45, 48; Moscow Decl., at ¶ 18. Although, over the course of my career, the firms that I have worked for acted as advisors on several privatization deals and were paid fees for their professional services, I did not acquire any ownership interest or material monetary benefit from those transactions and did not gain ownership of assets "through nominees and strawmen."

        d.      I have no business connections with the State of New York, particularly New York City. I have no investments or banking relationships in New York City. To the extent that Ms. Karibzhanova or Mr. Moscow state otherwise, *see* Karibzhanova Aff., at ¶¶ 37, 41, 42, 45, 50; Moscow Decl., at ¶¶ 16, 17, such statements are baseless. I invite both Ms. Karibzhanova and Mr. Moscow to produce evidence verifying these allegations, which they claim are supported by documentation already in their possession and conversations with participants in certain ventures and unnamed private investigators. *See* Karibzhanova Aff., at ¶¶ 41, 42; Moscow Aff., at ¶ 4. Given that these allegations regarding my business ties to New York City are false, I suspect that neither Ms. Karibzhanova nor Mr. Moscow will be able to produce any legitimate substantiation.



    e.  Instead, I believe that they will try to mislead this Court as they have done with respect to allegations concerning 240 Riverside Boulevard. It is alleged that I purchased a luxury apartment in early 2018 at The Heritage at Trump Place, located at 240 Riverside Boulevard New York, New York 10069 for $36 million. Memorandum of Law, Dkt. No. 1, at 21-22. Further, Mr. Moscow states that I filed an affidavit in the Family Court, affirming I have an address at Apartment 17C at 240 Riverside Blvd. Moscow Decl., at ¶ 20; *see* Karibzhanova Aff., at ¶ 52. Although I have stated that I "have an address" (not that I reside) at Apartment 17C at 240 Riverside Blvd. in some Family Court documents, I have never resided at that address, not even when I visited New York City to spend time with my daughters or meet with my lawyers. To the extent Mr. Moscow or Ms. Karibzhanova suggest that I purchased the Riverside Blvd. Apartment and that I resided or have ever lived in New York City, they are wrong. That I did not purchase an apartment at 240 Riverside Boulevard for $36 million and that I have never resided or lived in New York City are facts that must have been known to Mr. Moscow and are known by my ex-wife. Because of these misrepresentations to the Court, I am forced to address matters that were adjudicated in the Family Court.

    f.  I engaged a real estate agent (**not** Edward Mermelstein as Ms. Karibzhanova alleges) to rent—not purchase— unit 17C - a two-bedroom apartment located at 240 Riverside Blvd. for my daughter's use. This approximately 1,600 square foot two-bedroom apartment cannot be confused with "a single 10,500-square-foot apartment" that was allegedly sold for $36 million. Memorandum of Law, Dkt. No. 1, at 21-22.

6



       h.      The lease of the two-bedroom Riverside Blvd. Apartment was for ten

months, from November 2017 to September 2018 and was not renewed. Therefore, I no longer

have any leasehold interest in apartment 17C at 240 Riverside Blvd. Additionally, I do not have

any financial interest in or at 240 Riverside Boulevard. I do not own any shares in the building,

have not purchased any apartment in the building, and have not purchased any apartment or

interest in the building through associates or other entities. To be clear, I was in no way involved

with whatever sale for $36 million may have occurred at 240 Riverside Boulevard. Certainly,

Mr. Moscow and his investigators must know these facts, but instead of being truthful with the

Court, Mr. Moscow chose to mislead the Court by failing to disclose to the Court (a) that

apartment 17C at 240 Riverside Blvd was not purchased by me, (b) the relatively low value of

Apartment 17C or (c) that Apartment 17C was not the 10,500 square foot luxury apartment that

7



was allegedly sold for $36 million. Mr. Moscow and Ms. Karibzhanova did not make those disclosures to the Court in their *ex parte* application for judicial assistance in order to mislead the Court into believing that there was some basis to believe that I had purchased a $36 million dollar apartment at 240 Riverside Blvd. in New York. *See* Moscow Decl., at ¶ 20; Memorandum of Law, at 21-22. I assume that Mr. Moscow has already issued subpoenas to Mr. Mermelstein and his related entities and received documents responsive to those subpoenas. I invite him to submit to this Court any evidence supporting the baseless allegations against me made in the Application.

        i.      An apartment at 212 Fifth Avenue, Apt. 3B, New York, New York 10010 (the "Fifth Avenue Apartment") was purchased for my daughters to live in while they attended school in New York. Ms. Karibzhanova currently resides in the Fifth Avenue Apartment. Karibzhanova Aff., at ¶ 51. Mr. Moscow's Declaration states, "Records confirm that the formation of [an] LLC and the purchase of the [Fifth Avenue Apartment] were brokered by New York-licensed attorney and real estate broker Edward Mermelstein and his associates." Moscow Decl., at ¶ 20. Given that Mr. Moscow represents my ex-wife, that sentence creates the unmistakable and false impression that I engaged Mr. Mermelstein to create the LLC and broker the purchase of the Fifth Avenue Apartment. However, Ms. Karibzhanova—not I—engaged the real estate agents that found the apartment and brokered the transaction. Ms. Karibzhanova—not I—engaged the attorneys that formed an LLC to purchase the apartment and create a trust for my then minor daughter, through which she would acquire one-half ownership of the LLC, with the other half owned by my older daughter. Notably, my ex-wife had herself named trustee of my younger daughter's trust, and she is now the manager of the LLC. My only role in the transaction was to provide the funds to the LLC owned by my daughters that purchased the Fifth

8



Avenue Apartment—a structure created by my ex-wife, not me. Once again, Mr. Moscow must have known this if Ms. Karibzhanova was honest with him, but purposely misled the Court, relying on half-truths or half-lies in aid of the *ex parte* Application. Since my daughters have left New York, Ms. Karibzhanova lives in the Fifth Avenue Apartment alone. However, it is unclear on what basis she continues to reside in the apartment. Contrary to what Ms. Karibzhanova alleges, we did not reach an agreement allowing Ms. Karibzhanova to reside in the apartment or providing for my payment of maintenance charges and property taxes. *See* Exhibit B, at 2. Further, my lawyers' previous efforts to obtain documentation about the apartment and its ownership as well as my younger daughter's trust have been met with great resistance. As a result of the foregoing, I do not intend to yield to Ms. Karibzhanova's additional demands for payments associated with the Fifth Avenue Apartment.

j.    My ex-wife's affidavit is even more egregious. She asserts that I have purchased or have financial interests in many properties in the United States, sometimes in my own name and sometimes in the names of nominees and have regularly used the services of Mr. Mermelstein. Karibzhanova Aff., at ¶¶50-52. That is utterly false. As stated above, Ms. Karibzhanova—not I—engaged Mr. Mermelstein to form the LLC, owned by my daughters, to purchase the Fifth Avenue Apartment and broker the purchase of the Fifth Avenue Apartment. I have never engaged Mr. Mermelstein to conduct any real estate transactions in the United States or elsewhere. Further, I do not own, directly or indirectly, any real property located in New York City, New York State, or in the United States, contrary to Ms. Karibzhanova's allegations. *See* Karibzhanova Aff., at ¶¶ 50-53. To be clear, I do not own, either directly or indirectly, any of the following real estate or ownership interests in such real estate: an apartment at the Heritage at Trump Place, 240 Riverside Boulevard in Manhattan; an apartment at the Plaza, 1

9



Central Park South, 768 5th Avenue, Apt. 1802, New York, New York; a unit at the Cipriani Club Residences, 55 Wall Street, Apt. 702, New York, New York; a unit at 520 Park Avenue; a home located at 2 Margo Way, Alpine, New Jersey; a villa located at 60-62 Beverly Park Cir., Beverly Hills, California. Ms. Karibzhanova has knowingly misled this Court in aid of her Application.

        k.      Ms. Karibzhanova's Affidavit and Application paint a false picture of our marriage in several respects. In addition to the false allegations of abuse, Ms. Karibzhanova falsely states that I forced her to give up her modelling career. Karibzhanova Aff., at ¶¶ 9, 10. However, during an interview in 2012, she explained, "[M]y modelling career did not last for long – only a few months, until I met a prince on a white horse, my future husband. I never took this job too seriously anyway and have no regrets [of giving it up]. This is why this chapter of my life only makes me smile." Additionally, Ms. Karibzhanova falsely suggests that I did not allow her to work. However, during another interview in 2012, she was questioned about her source of income and stated, "My husband is a sufficiently wealthy individual. And I also have my own business, not large one, I own a café."

        12.      I have engaged lawyers in Kazakhstan to lawfully defend me against claims made by Ms. Karibzhanova in the Medeu District Court. Contrary to allegations made by Ms. Karibzhanova's, I have not threatened and have not instructed anyone to threaten any lawyer representing Ms. Karibzhanova and am not aware of any such threats having been made. In addition, I am not able and have not attempted to exert undue influence over the decisions of the

10

courts in Kazakhstan. I am doing what every other litigant does to persuade a court: I have engaged lawyers to lawfully argue my defense against Ms. Karibzhanova's claims in the Medeu District Court.

13.     I believe that Ms. Karibzhanova has engaged Mr. Moscow to – wittingly or unwittingly – seek discovery in the United States, not of information concerning me or my assets, but of confidential information and business dealings of people who she believes will pressure me to succumb to her settlement demands in order to keep their own information confidential and out of the international press.

14.     As a final matter, at no time have I or my lawyers been served with my ex-wife's Application, this Court's order granting the Application, or any subpoena issued pursuant to this Court's order. Any suggestion by Mr. Moscow or Ms. Karibzhanova that I have been difficult to locate is absurd. Ms. Karibzhanova is well aware of the law firm that previously represented me in the Family Court proceedings and my lawyers in Kazakhstan. Additionally, in a letter to me, dated April 8, 2021, *see* Exhibit B, Ms. Karibzhanova's counsel listed four of my email addresses (two of which are work contacts) and my mobile number, and during the hearing in the Medeu District Court on June 9, 2021, the court recited my residential address aloud in the courtroom, instructing any service to be effected at that address. If this is not enough, considering Mr. Moscow's assertion that he has conversed with world renowned investigators to support several allegations in the Application, it is questionable that such investigators would be unable to find some way to contact me, especially considering they were able to locate the

11



addresses of several targets of preservation letters mailed earlier this year.  *See, e.g.*, Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on  July 28 2021

AIDAN KARIBZHANOV

12

# EXHIBIT A

**Lewis
Baach
Kaufmann
Middlemiss**
PLLC

Adam S. Kaufmann
212 822 0128
adam.kaufmann@lbkmlaw.com

March 23, 2021

**By Email and First Class Mail**

Dimitri Kryukov
26 Caroline Terrace
London SW1W 8JT
United Kingdom

Dimitri Kryukov
Chalet Penlan
Batterie Tourbillon 421
Ovronnaz 1911
Valais, Switzerland
Attn: Karen J. Clarke, Assistant for D. Kryukov, Tel.: +44 7977 246 325

Tel.: +7 903 790 9013
    +7 495 790 9013

Email: dkryukov@gmail.com
       dkryukov@verno-capital.com

### Re: Aidan Karibzhanov // Global Retention of Materials

Dear Mr. Kryukov,

We are attorneys in Manhattan retained by Makhpal Karibzhanova to assist her in the recovery of marital assets beneficially owned by her former husband, Aidan Karibzhanov, one-half of which are legally owed to Ms. Karibzhanova under Kazakh law. We apologize for this intrusion, but we are obligated to pursue a global investigation into Mr. Karibzhanov's assets and sources of wealth on behalf of our client.

We are in the process of preparing legal actions to secure and protect our client's rights to the equitable apportionment of marital assets following her divorce from Mr. Karibzhanov. Such actions will be filed in multiple jurisdictions around the world. We have reason to believe that you currently are acting or have previously acted as Mr. Karibzhanov's business associate and/or advisor in the United States, specifically in New York. As such, we further believe that you personally have access to or possession of records relating to Mr. Karibzhanov's business transactions and assets, whether held in his name or the name of a beneficiary or nominee, such as yourself, and possess records and communications relating to the same.

**Lewis**
**Baach**
**Kaufmann**
**Middlemiss**
PLLC

Dimitri Kryukov
March 23, 2021
Page 2

This letter serves as legal notice pertaining to the retention of communications, documents, and evidence implicated in our client's case against Mr. Karibzhanov. Documents and communications in your actual and constructive possession constitute evidence of our client's claims against assets and property interests beneficially owned by Mr. Karibzhanov. You are hereby directed to maintain and preserve all such documents and communications relating to Mr. Karibzhanov and to his ownership of investment interests, properties, and assets, including but not limited to the specific interests described below.

We have good cause to believe that certain of Mr. Karibzhanov's assets are held in the names of third-party owners (strawmen) or through shell companies. Therefore, this cautionary letter should be read not just to impact documents that expressly reference Mr. Karibzhanov, but also those that relate to assets he holds through third parties, shell companies and investment vehicles including but not limited to those set forth below.

The scope and type of documents identified for preservation are broad. As a result, you must ensure that all documents of potential relevance continue to be preserved. Business records, account statements, receipts, contracts, emails, text messages, and other evidence, in both paper and electronic format, constitute evidence of Mr. Karibzhanov's ownership of or interests in assets. This includes documents that may be stored in locations such as hard drives, shared drives, desktop subfolders, tapes stored with third party vendors, flash drives and discs, home computers, PDAs, databases and systems. Any destruction of documents, emails, text messages or other items could interfere with the collection and use of evidence and may well lead to legal consequences for you, as a resident of New York subject to the laws and jurisdiction of New York courts, as well as for Mr. Karibzhanov.

By receipt of this letter, your legal obligation to preserve documents relevant to this matter is hereby triggered. It extends not only to you, but to any entities and employees of entities in which you hold ownership (directly or indirectly; jointly or severally) or exercise control over as well as all persons purporting to act on your behalf.

In addition to the preservation of documents and information, I remind you that moving, concealing, or otherwise dissipating assets to frustrate legal and regulatory proceedings is a violation of criminal and civil laws under both the federal laws of the United States and the laws of the State of New York. If you have local legal counsel, they may advise you as to the seriousness and enforceability of this demand and consequences for failure to observe its terms or interfere with the investigation of Mr. Karibzhanov's assets.

This letter further puts you on notice that Ms. Karibzhanova has formally retained counsel in this matter. You are hereby informed that Ms. Karibzhanova does not wish you to contact her in any fashion. Please direct all correspondence and communications to me. Do not attempt to reach or confront Ms. Karibzhanova directly or indirectly through third parties. Please be advised that any conduct which may be interpreted as an attempt to dissuade Ms. Karibzhanova from pursuing her

**Lewis**
**Baach**
**Kaufmann**
**Middlemiss**
PLLC

Dimitri Kryukov
March 23, 2021
Page 3

legal rights or deny her access to information, directed at Ms. Karibzhanova directly or any member of her family, may well be subject to criminal prosecution by the Office of the District of Attorney of New York.

The following is a non-exhaustive list of persons, legal entities, and financial institutions as to which the above-described records are sought to be preserved:

- All communications between you and Aidan Karibzhanov.

- Records of payments from Aidan Karibzhanov to you or to any account intending to benefit you, as well as from you to Aidan Karibzhanov or to any account intended to benefit Aidan, whether involving Aidan Karibzhanov directly or with any third party.

- All communications between you and Jasmin Karibzhanova and/or Iman Ainek Karibzhanova.

- Records of payments from Jasmin Karibzhanova and/or Iman Ainek Karibzhanova to you as well as from you to Jasmin Karibzhanova and/or Iman Ainek Karibzhanova, whether involving Jasmin Karibzhanova and Iman Ainek Karibzhanova directly or with any third party.

- All communications and transactions between you and Marie Helene Berard, Almas Chukin, Damir Karassayev, Nikolay Varenko, Roland T. Nash, Frank Mosier, Vartan Dilanyan, Michael Sauer, Michael A. McNicholas, Michael C. Carter Jr., Vladislav Kim, Gulzhamash Zaitbekova, Gaukhar Zaitbekova, and/or Aigul Nurmakhanova that in any way pertain to Aidan Karibzhanov and/or his assets and instructions.

- All communications and transactions between you and Karim Massimov, Timur Kulibayev, Dinara Nazarbayeva, Goga Ashkenazi, Arvind Tiku, Aigul Nuriyeva, Lubov Chernukhin (née Golubeva), Umut Shayakhmetova, Raushan Sagdiyeva, Kairat Boranbayev, Kenes Rakishev, Ablay Myrzakhmetov, Mirbulat Abuov and/or Almaz Irishev that in any way pertain to Aidan Karibzhanov and/or his assets and instructions.

- All communications and transactions between you and Yasmine Petty that in any way pertain to Aidan Karibzhanov and his instructions.

- Visor Group, Visor Capital, and/or Visor International DMCC, and all parents, subsidiaries, affiliates, related entities, employees, and agents.

Lewis
Baach
Kaufmann
Middlemiss
PLLC

- Verno Group, Verno Capital, VIML Limited, Verno Advisers AG, Kazakhstan Infrastructure Fund, and/or VPE Capital, and all parents, subsidiaries, affiliates, related entities, employees, and agents.

- Airbus Helicopters (Eurocopter), Kazakhstan Temir Zholy, Alstom, Kazatomprom, Areva, and all parents, subsidiaries, affiliates, and related entities, employees, and agents. All communications between you and Nicolas Sarkozy, Pierre Olivier Sarkozy, Damien Loras, Claude Guéant, Jean-François Etienne des Rosaies, Catherine Degoul, Marguerite Bérard, Thomas Andrieu, Thomas Enders, Alexander Mashkevitch, Patokh Chodiev, Jean S. Galiev, Berlin Irishev and/or Askar Mamin that in any way pertain to Aidan Karibzhanov and/or his assets and instructions.

- Verno-related project involving Rostec Corporation, Russian Helicopters, Russian Direct Investment Fund, Tawazun Holding, Mubadala Development Company PJSC, MDGH – GMTN B.V. (formerly, MDC GMTN B.V.), and/or Sibur Holding, and all parents, subsidiaries, affiliates, and related entities, employees, and agents. Also including information relating to sales of dual-use technology, military equipment and military helicopters to India, Pakistan, and other countries. All communications between you and Sergey Chemezov, Denis Manturov, Kirill Dmitriev, and/or Kirill Shamalov that in any way pertain to Aidan Karibzhanov and/or his assets and instructions.

- ArcelorMittal S.A., ArcelorMittal USA LLC, Arcelor International America LLC, and/or ArcelorMittal Temirtau JSC, Lakshmi Mittal, and all parents, subsidiaries, affiliates, related entities, employees, and agents.

- PetroChina Company Limited, Mangistaumunaigaz, Mangistau Investments B.V., JP Morgan Chase, Citibank, Templeton Asset Management (Singapore), Franklin Resources Inc, Caspian Investments Resources Limited (formerly, Nelson Resources Limited), China Petroleum & Chemical Corporation, Cott Holdings Group Ltd, Energy Investments International, and/or Central Asian Industrial Holdings B.V., and all parents, subsidiaries, affiliates and related entities, employees, and agents. All communications between you and Lakshmi Mittal, Mark Mobius, Charles Jonson, Rupert Jonson and/or Rashid Sarsenov that in any way pertain to Aidan Karibzhanov and/or his assets and instructions.

- Vitol, Ingma Holding B.V., Oilex N.V., Handoxx Inv. Ltd, Compass Global Investments Closed Unit Investment Fund, Merix International Ventures, Kipros Ltd, Enviro Pacific Investments, Xena Inv. Sarl, and/or Omega Cooperatief UA, and all parents, subsidiaries, affiliates, related entities, employees, and agents. All communications between you and Arvind Tiku, Daniyar Abulgazin, and/or Dias

**Lewis**
**Baach**
**Kaufmann**
**Middlemiss**
PLLC

Suleimenov, that in any way pertain to Aidan Karibzhanov and/or his assets and instructions.

- Samruk-Kazyna, KazMunayGas, AktobeMunayGas, China National Petroleum Corporation (CNPC), Darley Investments Service, CNPC International (Caspian) Ltd, Eastview Investments Ltd, Maten, Matoil S.A., Caspi Neft, Precious Oil Products B.V., Glenville Asset Management Pte Ltd, Nostrom Oil & Gas, TenizService LLP, Waterford International Holding Ltd, Contour Caspian Ventures Ltd, MI SWACO Company, Kaz M-I LLP, and/or Tengizchevroil, and all parents, subsidiaries, affiliates, related entities, employees, and agents. All communications between you and Nurlan Sauranbayev, and/or Magzum Myrzagaliev that in any way pertain to Aidan Karibzhanov and/or his assets and instructions.

- Steppe Capital Pte. Ltd, Steppe Unity Cooperative U.A., AT Capital Pte. Ltd, KazStroyService, Nostrum Oil & Gas, Altynalmas, Aquila Gold B.V., Aquila Properties Investments B.V., Sumeru Gold B.V., Sumeru LLP, Polymetal International PLC, Turquoise Hill Resources, Almaty International Airport, Venus Airport Holdings B.V., TAV Airport Holding, Groupe ADP, Chimpharm JSC, Central Asia Pharma Holding B.V., and/or Samruk-Pharmacia, and all parents, subsidiaries, affiliates, related entities, employees, and agents.

- Steppe Cement Holding B.V., United Cement Group PLC, Central Asia Cement JSC, Inter Investment Consolidation Group Limited, Raycross Limited, Raybird Limited, Rayblock Limited, Quavasaycement JSC, Bekabadcement JSC, Yangi-Yul Grinding Station, Kant Cement Plant, Technolin, Kuznetsk Cement Plant, Novotroitsk Cement Plant and/or Karaganda Cement Plant, and all parents, subsidiaries, affiliates, related entities, employees, and agents. All communication between you and Gulnara Karimova, Askar Akayev, Aidar Akayev, Kurmanbek Bakiyev, Maxim Bakiyev, Nurlan Bizakov, Bahit Joloman, Pavel Borissov, Aibar Burkitbayev, Lyazzat Daurenbekova, Adal Issabekov, and/or Kairat Omarov that in any way pertain to Aidan Karibzhanov and/or his assets and instructions.

- Baring Vostok Funds, UBS Securities LLC (New York), Bank Kaspi.kz, Ozon Holdings PLC, Nostrum Oil & Gas, Caspian Gas Corporation (the Shagyrly-Shomyshty gas field), American International Petroleum Corporation, and/or KazAzot, and all parents, subsidiaries, affiliates, related entities, employees, and agents. All communication between you and Kairat Kelimbetov, Kairat Satybaldy, Vyacheslav Kim, Mikhail Lomtadze, and/or Michael Calvey that in any way pertain to Aidan Karibzhanov and/or his assets and instructions.

**Lewis**
**Baach**
**Kaufmann**
**Middlemiss**
PLLC

Dimitri Kryukov
March 23, 2021
Page 6

- Paladigm Capital, Compass Funds, Sturgeon Funds, SkyBridge Invest, SB Capital, Tau Capital, Spring Funds, Kazimir Partners, and/or Renaissance Funds, and all parents, subsidiaries, affiliates, related entities, employees, and agents.

- Halyk Bank, Kazkommertsbank, BTA Bank, RBK Bank, First Heartland Jýsan Bank, and/or Alliance Bank, and all parents, subsidiaries, affiliates, related entities, employees, and agents.

- Kazakhtelecom, Bodam B.V., Deran Services B.V., TeliaSonera (Telia), Turkcell, Fintur Holding B.V., Sonera Holding B.V., Kcell (formerly, GSM Kazakhstan LLP), AR-Telecom LLP, KT-Telecom LLP, KazNet Media LLP, Midas Telecom LLP, Mymari Holding B.V., Rimbor Holding & Finance B.V., Lavita Holding B.V., UNA SCA, UNA Management S.a.r.l., Panev S.A., Kauz Services S.a.r.l., Keisecker TeliaSonera Assignments B.V., Alem Communications Holding LLP, KazTransCom, Alatau LLP, Rodnik Ink LLP, Telekom Asia LLP, Lavou B.V., Almaty Engineering Company LLP, Terra Management LLP, Dekson Services B.V., Verbela Participations S.A., Telecom Asia LLP, and/or Bleston Finance Ltd, and all parents, subsidiaries, affiliates, related entities, employees, and agents. All communication between you and Alexander Mirchev, Alexander Khlebanov, Kairat Satybaldy, Marat Beketayev, Serik Burkitbayev, Pieter Hamelink, Veysal Aral, Lars Nyberg, and/or Tero Kivisaari that in any way pertain to Aidan Karibzhanov and/or his assets and instructions.

- Ncell (formerly, Spice Nepal), Applifone, Nepal Satellite, UTA Holding B.V., TeliaSonera Asia Holding B.V., Asia Holding B.V., Airbell Services Ltd, Anu Oil Ltd, Zhodar Investments Ltd, TeliaSonera Norway Nepal Holding AS, SEA Telecom Investments B.V., Panorpa Holding B.V., Visor Growth Fund B.V., Alkatento Trading Ltd, ASIA Telecom Grouping Ltd, Meridian CIS Ltd, Axiata Group, and/or Advanced Bank of Asia (ABA) and all parents, subsidiaries, affiliates, related entities, employees, and agents. All communication between you and King Gyanendra of Nepal, Raj Bahadur Singh, Upendra Mahato, Pushpa Kamal Dahal, Madhav Kumar Nepal, Baburam Bhattarai, Samata Prasad, Yves Jacquot, Andre Berard, Dominic Jacques and/or Hun Sen that in any way pertain to Aidan Karibzhanov and/or his assets and instructions.

- Meridian Capital Limited, Meridian CIS Limited, Capital Partners, Extell Development, and all parents, subsidiaries, affiliates, related entities, employees, and agents. All information regarding the development project in New York, including but not limited to: "The International Gem Tower", 50 West 47th Street, New York, NY; "One 57", 157 West 57th Street, New York, NY; "Central Park Tower", 217 West 57th Street, New York, NY; 50 West 66th Street, New York, NY. All communications between you and Gary Barnett, Nurzhan Subkhanberdin, Askar Alshinbayev,

**Lewis
Baach
Kaufmann
Middlemiss**
PLLC

Dimitri Kryukov
March 23, 2021
Page 7

Yevgeniy Feld, Sauat Mynbayev, and/or Serzhan Zhumashov that in any way pertain to Aidan Karibzhanov and/or his assets and instructions.

- 1Malaysia Development Berhad (1MDB) and all parents, subsidiaries, affiliates, related entities, employees, and agents; all communications between you and Najib Razak, Daniyar Nazarbayev (Kessikbayev), Nooryana Najwa Najib, Maira Nazarbayeva (Kessikbayeva), and/or Riza Shahriz bin Abdul Aziz (Riza Aziz) that in any way pertain to Aidan Karibzhanov and/or his assets and instructions.

- All information pertaining to investments owned, managed or controlled by Aidan Karibzhanov, either directly or through nominees, relating to or invested with the Mubadala Funds, including its global subsidiaries, affiliates, investment vehicles, employees and agents. All communications regarding Mubadala, Mubadala Development Company, Thirty Seventh Investment Company LLC, MIC Capital Management UK LLP, MIC Capital Partners, MDC Venture Capital and/or banks in he UAE and other jurisdictions, and all parents, subsidiaries, affiliates, related entities, employees, and agents utilized for such purposes; all communications between you and Sheikh Mohammed bin Zayed Al Nahyan, Sheikh Mansour bin Zayed Al Nahyan, Ibrahim Souheil Ajami, Hani Barhoush, and/or Christopher Fazekas that in any way pertain to Aidan Karibzhanov and/or his assets and instructions.

- All information pertaining to investments owned, managed or controlled by Aidan Karibzhanov, either directly or through nominees, relating to or invested with Kaz Minerals or Kazakhmys. All communications regarding the Kaz Minerals, Kazakhmys, Lafonda Invest Pte. Ltd., Lafonda Holding Pte. Ltd; Lafonda Limited, Navono Limited, Sigiriya Ltd, Enigma Invest Pte. Ltd, Berguolla Limited, Aratan Capital Pte. Ltd, Algaria Limited, Lynchwood Nominees Limited, Abogado Pte. Ltd, Wong & Leow LLC, Baker & McKenzie, and/or SkyBridge Invest, and all parents, subsidiaries, affiliates, related entities, employees, and agents. All communications regarding the Koksay Copper Field Project, Koksay Muzbel LLP, Bellarmine Finance S.A., CCC Mining Construction B.V., Konsolidirovannaya Stroitelnaya Gornorudnaya Kompaniya LLP, and Consolidated Nord B.V., and all parents, subsidiaries, affiliates, related entities, employees, and agents. All communications regarding the East Akzhar Oil Field Project, Kazakhmys Petroleum, Falcon Funds, Aman Munai, Asia Oil Investment (BVI) Ltd, and/or Dostan-Temir LLP, and all parents, subsidiaries, affiliates, related entities, employees, and agents. All communications regarding the Baimskaya Copper Field Project, Amereus Group Pte. Ltd, Aristus Holdings Limited, Ferris Services Limited, and/or Allen Overseas Company Limited, and all parents, subsidiaries, affiliates, related entities, employees, and agents. All communications between you and Roman Abramovich, Maxim Vorobyev, Bolat Nazarbayev, Vladimir Kim, Eduard Ogay (Ogai), Nurtai Abykayev, Dzhambulat Sarsenov, Marat Sarsenov,

**Lewis**
**Baach**
**Kaufmann**
**Middlemiss**
PLLC

Dimitri Kryukov
March 23, 2021
Page 8

Nurlan Sauranbayev, and/or Oleg Novachuk that in any way pertain to Aidan
Karibzhanov and/or his assets and instructions.

- All documents concerning the purchase of 240 Riverside 6A LLC, 240 Riverside 6D
  LLC, and/or 240 Riverside 6E LLC, by nominees from Nursultan Nazarbayev and his
  family and nominees from Saudi Prince Nawwaf bin Sultan bin Abdulaziz Al-Saud.

- One & Only Realty, Alfa Consulting Group, and/or Rheem Bell & Freeman LLP, and
  all parents, subsidiaries, affiliates, related entities, employees, and agents.
  All communications with Edward A. Mermelstein, Christine Bell, and/or Aiya
  Tulemaganbetova, that in any way pertain to Aidan Karibzhanov, his nominees, and/or
  his assets and instructions.

- Records of payments from all individuals and companies mentioned by name in this
  letter to you as well as from you to such individuals and companies, or to any account
  intended to benefit you, whether from these individuals and companies directly or
  from any third party that in any way pertain to Aidan Karibzhanov and/or his assets
  and instructions.

- Any and all shell companies, trusts, and other structures owned, controlled or utilized
  by Aidan Karibzhanov either directly or indirectly through strawmen or nominees.

- All communications with Aidan's banking partners relating to Aidan in any maner,
  including but not limited to Citibank; JP Morgan & Chase; Bank of America; Bofi
  Federal Bank; Goldman Sachs; BNP Paribas; UBS; Falcon Private Bank Ltd.; Credit
  Suisse AG; Credit Suisse Singapore; HSBC Bank; HSBC Hong Kong; Deutsche Bank
  (Switzerland) Ltd; ING Bank; DHB Bank; Triodos Bank; Banque Internationale a
  Luxembourg; EFG Bank S.A.; EFG Bank (Monaco); EFG Bank & Trust (Bahamas)
  Ltd; SIX SIS AG; Amber Bank Trust Ltd; BSI Overseas (Bahamas) Ltd; CBH
  Compagnie Bancaire Helvetique SA; Julius Baer AG; Julius Baer (Monaco) S.A.M.;
  Bordier & Cie; Lloyds Bank; Royal Bank of Scotland; Advanced Bank of Asia (ABA)
  Bank; and/or National Bank of Canada.

- Documents relating to Aidan Karibzhanov's interests in U.S. real estate ventures,
  including but not limited to: 240 Riverside Boulevard, New York, NY; 212 5th
  Avenue, New York, NY; 322 West 57th Street, New York, NY. In addition: 1 Central
  Park South (768 5th Avenue) New York, NY; Cipriani Club Residences, 55 Wall
  Street, New York, NY; 80 Columbus Circle, New York, NY; 150 Charles Street, New
  York, NY; 520 Park Avenue, New York, NY; 129 Grand St., Apt. 4, New York, NY;
  123 East 10th St., New York, NY; 407 East 75th St., New York, NY; 398 Park Ave.,
  New York, NY; 161 West 61st St., New York, NY; 216 Sagaponack Rd.,
  Bridgehampton, NY; 228 Sagaponack Rd., Bridgehampton, NY; 2 Margo Way,

**Lewis
Baach
Kaufmann
Middlemiss**
PLLC

Dimitri Kryukov
March 23, 2021
Page 9

Alpine, NJ; 724 9th St. NW, Washington DC; 8100 Spring Hill Farm Dr., McLean, VA; 6804 Benjamin St., McLean, VA; 100 E Island Blvd, Aventura, FL; 60-62 Beverly Park Cir, Beverly Hills, CA; and 33 Skyridge, Newport Beach, CA. Such documentation to include all information relating to the purchase and financing of such properties, offshore structures used to own and/or pay for such properties, and names of individuals who directly and indirectly controlled such properties.

We are hopeful that we will be able to obtain this information and evidentiary material from you without need for costly and time-consuming litigation and investigation. We are available to discuss this notification with your counsel.

We regret the imposition of this notice on you. Our client's claims are against her ex-husband. She is entitled to half of the marital estate, and since Karibzhanov is unwilling to negotiate a settlement, we have no choice but to prove the extent and value of his vast and secretive holdings. Hence, this notification to you.

Sincerely,

Adam S. Kaufmann

# EXHIBIT B

**Lewis
Baach
Kaufmann
Middlemiss**
PLLC

Adam S. Kaufmann
212 822 0128
adam.kaufmann@lbkmlaw.com

April 8, 2021

**By E-Mail:**    karibjanov@gmail.com
aidan.karibjanov@visor.kz
aidan.karibjanov@visor.ae
karibjanov@mac.com

Aidan Karibzhanov
Almaty, Kazakhstan
+7 (705) 111-4040

### Re:  Disposition of Marital Assets

Dear Mr. Karibzhanov,

I am an attorney in Manhattan retained to represent your former wife, Makhpal Karibzhanova, who is seeking to resolve the disposition of marital assets from your marriage with an equitable property settlement.

As you know, Makhpal is entitled by law to one-half of the marital estate. Our team of lawyers and financial analysts has spent some time over the past year examining your financial holdings and business dealings throughout the world to ascertain the value of the marital estate. We have gathered substantial documentation of your wealth, which far exceeds the values you have published or disclosed to authorities. We are prepared to file legal actions to gather further evidence to prove the true extent and source of your wealth and to seek an equitable division of marital assets. If we are unable to reach a reasonable and acceptable agreement on behalf of Makhpal, we will commence an action in New York next week.

Makhpal strongly prefers a quiet settlement of this matter. She has no desire to put your affairs, and those of your friends and business colleagues, on display for the world to see. She is prepared to accept an equitable disposition of assets, fully release any further claims against you, and execute non-disclosure agreements. But she is prepared to litigate this matter in the courts and the international press if necessary. One part of the legal proceeding, as you may expect, will be to commence a matrimonial proceeding in Kazakhstan. You should understand that this matter will go far beyond the courts of Kazakhstan. Leveraging your wealth and status in Kazakhstan to secure a one-sided victory in the Kazakh courts will not dispose of this matter. In the numerous legal actions that will commence, you will be exposed to a very public course of court proceedings throughout the world. We know full well the interest of the global press in these matters, as seen in the divorce case of Bolat Nazarbayev in New York, and the investigations of Nuralí Aliyev, Timur Kulibayev, and Eduard Ogay, to give a few examples. The question you need to ask yourself is whether you and your Kazakh partners want to read about your business dealings and

The Chrysler Building  |  405 Lexington Avenue, 64th Floor  |  New York, NY 10174  |  t 212 826 7001  |  f 212 826 7146
NEW YORK   WASHINGTON   LONDON   BUENOS AIRES

lbkmlaw.com

**Lewis
Baach
Kaufmann
Middlemiss**
PLLC

Aidan Karibzhanov
April 8, 2021
Page 2

personal escapades in the *New York Times*, the *Financial Times*, and the *Wall Street Journal*. Makhpal believes, and I agree, that this should be wholly unnecessary to resolve what is simply a personal, private financial dispute.

In addition, there is the separate matter of your failure to pay the maintenance charges and property taxes of the property at 212 Fifth Avenue. Through your U.S. counsel, you agreed to pay these expenses and have failed to do so. The accrued building charges and interest now total $95,920.27, and the property taxes outstanding are $140,636.24. You should remit payment for these obligations immediately.

Ms. Karibzhanova is entitled to half of the marital property. It is clear to us that the assets you own and control are worth well in excess of U.S. $1 billion, such that her half of the marital estate would be well above $500 million. She is, however, willing to settle her claims for a negotiated settlement of $300 million, plus the above-mentioned $95,920.27 and $140,636.24 for a total of $300,236,556.00.

We request a reply by Monday, April 12, 2021. If we do not hear from you, we will commence legal action directly.

Finally, Ms. Karibzhanova has appointed my firm as her counsel. She has no interest in communicating with you. You are therefore formally directed to have no contact with her, directly or through any third party. Should you try to contact her, either in person, through any telecommunication medium, in writing, or through third parties, we will refer such contact to the Manhattan District Attorney. Having been warned that no contact is wanted by her, any attempt to contact her could subject you to criminal charges under New York law. Any communications to her may be routed through me, at my email address.

Yours truly,

Adam S. Kaufmann

cc: Michael McNicholas: michael.mcnicholas@visor.kz, michael.mcnicholas@visor.ae

NEW YORK    WASHINGTON    LONDON    BUENOS AIRES
**lbkmlaw.com**

# EXHIBIT C

Алмаз, добрый вечер. Посмотрите, пожалуйста, почту. Документы отправила Lauren Skala. Я ищу мирного разрешения. Айдан видимо умышленно всех хочет подставить и устроить грандиозный скандал на весь мир. Вы лучше понимаете его мотивы, но ведет он себя крайне неразумно. Подставит ТК и многих других. Я прошу Вас проинформировать ТК о сложившейся ситуации. Ситуация очень серьезная. Готова организовать встречу в Лондоне или в Нью Йорке. Вы можете быть лично или отправить встречу в доверенных людей на эту встречу. Можем организовать конференц-колл, чтобы вы поняли детально сложившуюся ситуацию, куда она идет и каковы будут последствия. Встреча будет с людьми высокого уровня из Нью Йорка, Вашингтона и Лондона. Я женщина, и не ищу войны, не ищу конфронтации, я заинтересована в мирном разрешение этой истории. Айдан далеко зашел и кто-то должен его остановить. Надеюсь, что голос разума возобладает.

14:12

Almaz, good evening! Please look at the mail. Lauren Skala has sent the documents for you. I am looking for a peaceful resolution. Aidan Karibzhanov apparently deliberately wants to set up everyone and cause a grandiose scandal. You understand his motives better, but he behaves extremely unreasonably. He will let TK and many others down. I ask you to inform TK about the current situation. The situation is very serious. I am ready to arrange a meeting in London or New York. You can be in person or send trusted people to this meeting. We can organize a conference call so that you understand in detail the current situation, where it is going and what the consequences will be. The meeting will be with high-level people from New York, Washington and London. I am a woman, and I am not looking for war, I am not looking for confrontation, I am interested in a peaceful resolution of this story. Aidan has gone far and someone has to stop him. Hope that the voice of reason will prevail.

# EXHIBIT D







# EXHIBIT E

















